**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| Chambers of<br>**Ellen Lipton Hollander**<br>District Court Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-0742 |

June 30, 2015

MEMORANDUM TO COUNSEL

    Re:    *Burgess v. System High Corp. et al.*
            Civil Action No. ELH-14-3895

Dear Counsel:

    As you know, on December 15, 2014, plaintiff Susan Burgess filed suit against System High Corporation and Chuck Hagel, as Secretary of the United States Department of Defense. *See* ECF 1 ("Complaint). The Complaint alleges, *inter alia*, discrimination and retaliation on the basis of disability, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Title VII of the Civil Rights Act of 1964, codified as amended at 42 U.S.C. § 2000e *et seq*.

    Defendant System High Corporation filed an answer (ECF 6). John McHugh, Secretary of the Army (who was not named as a defendant), moved to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1). ECF 12, "Motion to Dismiss." In the Motion to Dismiss, McHugh noted that he was "improperly sued as Chuck Hagel, Secretary of Defense." ECF 12 at 1. He argued that this Court lacks subject matter jurisdiction as to the federal defendant because plaintiff failed to exhaust her administrative remedies, and because Congress has not waived sovereign immunity as to the Army with respect to ADA claims. Plaintiff opposed the Motion to Dismiss. ECF 15.

    Thereafter, plaintiff moved to amend the Complaint. ECF 16. She sought, *inter alia*, to state "causes of action against the Defendant John McHugh, Secretary of the Army . . . .," in lieu of Hagel. In addition, plaintiff sought to add a new claim, now found in Count IV. With leave of Court (ECF 17), plaintiff filed the Amended Complaint on June 16, 2015. ECF 18, "Amended Complaint."

    Defendant System High Corporation filed an answer to the Amended Complaint. ECF 20. McHugh, now a named defendant, filed a "Consent Motion for an Extension of Time to File Reply Brief" (ECF 21, "Motion for Extension of Time"), requesting an extension of time to file a reply in connection with the Motion to Dismiss the original Complaint. No hearing is necessary to resolve the pending Motion to Dismiss or the Motion for Extension of Time. *See* Local Rule 105.6.

- 2 -

It appears that the government believes its prior motion to dismiss the Complaint is applicable as to the Amended Complaint. "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quotations omitted); *see also First Tennessee Bank Nat. Ass'n v. St. Paul Fire & Marine Ins. Co.*, 501 F. App'x 255, 258 n.2 (4th Cir. 2012) ("The original complaint, which was dismissed without prejudice, became a nullity upon the filing of the amended complaint."); 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, *Federal Practice & Procedure* § 1476 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies.[] Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). Once a pleading has been superseded, it follows that "motions directed at superseded pleadings are to be denied as moot." *Blount v. Carlson Hotels*, No. 11-452–M0C–DSC, 2011 WL 6098697, at *1 (W.D.N.C. Dec. 6, 2011) (citing *Young,* 238 F.3d at 573).

Here, the Amended Complaint superseded the initial Complaint. Accordingly, the pending Motion to Dismiss filed by defendant McHugh, directed at the initial Complaint, is moot. As a result, there is no basis for the Motion for Extension of Time, requesting additional time to file a reply in connection with the Motion to Dismiss.

For the foregoing reasons, the Motion to Dismiss (ECF 12) and the Motion for Extension of Time (ECF 21) are DENIED, as moot. However, this ruling is without prejudice to the federal defendant's right to file a motion to dismiss the Amended Complaint.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

                              Very truly yours,

                              /s/

                              Ellen Lipton Hollander
                              United States District Judge