IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SUSAN BURGESS
  *Plaintiff*,

v.

SYSTEM HIGH CORPORATION,
*et al.*
  *Defendants*.

Civil Action No. ELH-14-3895

**MEMORANDUM OPINION**

This Memorandum Opinion addresses plaintiff Susan Burgess's "Motion for Reconsideration of the Memorandum Order Granting Defendant John McHugh's Motion to Dismiss." ECF 33, "Motion to Reconsider." For the reasons that follow, I shall deny the Motion to Reconsider.

## I.  Procedural Background

In a First Amended Complaint filed June 16, 2015 (ECF 18, "Amended Complaint"), Burgess sued her former employer, System High Corporation ("SHC"), and John McHugh, Secretary, United States Army (the "Army"), alleging employment discrimination, in violation of Title VII of the Civil Rights Act of 1964, codified, as amended, at 42 U.S.C. § 2000e *et seq.*; violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*[1]  In particular, Burgess claims discrimination based on sex and disability and in retaliation for her opposition to perceived unlawful acts.  ECF 18, Amended Complaint.

---

[1]  Plaintiff initially filed suit on December 15, 2014 (ECF 1) against Chuck Hagel, Secretary, U.S. Department of Defense.  After Hagel moved to dismiss (ECF 12), McHugh was substituted for Hagel in the Amended Complaint.  *See* ECF 18.  In addition, plaintiff removed the ADA claim as to the Army but added the claim under the Rehabilitation Act.  *Id.*

SHC filed an answer to the Amended Complaint.  ECF 20.  But, the Army moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1).  ECF 25.  In the Army's supporting memorandum (ECF 25-1) (collectively, the "Motion"), the Army argued that plaintiff failed to exhaust her administrative remedies, in that she never filed a complaint with the Army's Equal Employment Opportunity ("EEO") office.  ECF 25-1 at 6–8.  In support of its Motion, the Army submitted several exhibits, including the Declaration of Roxanne Conley (ECF 25-2, "Conley Declaration"), a civilian employee in the Army's EEO office in Aberdeen, Maryland.  Plaintiff opposed the Motion to Dismiss (ECF 26, "Opposition"), and filed exhibits in support of her Opposition.  ECF 26-1, 26-2.  The Army filed a Reply (ECF 27), along with another exhibit. ECF 27-1.

By Memorandum Opinion and Order dated November 10, 2015 (ECF 28; ECF 29), this Court granted the Army's Motion to Dismiss, on the ground that plaintiff had failed to exhaust administrative remedies before filing suit in federal court.  ECF 28 at 9–20; ECF 29.  On December 8, 2015, plaintiff filed the pending Motion to Reconsider (ECF 33) pursuant to Fed. R. Civ. P. 59(e) and 60(b) and Local Rule 105.10.  *Id.* at 1.  Plaintiff also filed an exhibit in support of her Motion, which includes a formal discrimination complaint that she filed with the Army's EEO office on November 16, 2015.  ECF 33-1, "Formal Discrimination Complaint."

On January 11, 2016, the Army filed an Opposition to Plaintiff's Motion to Reconsider. ECF 37, "Opposition."   Thereafter, plaintiff replied.   ECF 38, "Reply."  An exhibit accompanying plaintiff's Reply includes a final decision from the Army EEO office, which dismissed plaintiff's Formal Discrimination Complaint on January 19, 2016. ECF 38-1, "EEO Dismissal" at 1–2.  With the consent of plaintiff (ECF 39), and with leave of court (ECF 40), the

Army filed a Surreply in Opposition to Plaintiff's Motion for Reconsideration.  ECF 41; *see also* Local Rule 105.2(a).

No hearing is necessary to resolve the Motion to Reconsider.  *See* Local Rule 105.6.  For the reasons stated below, I shall deny the Motion to Reconsider.

## II.  Factual Background[2]

Plaintiff was employed by SHC for approximately four months, from September 27, 2013, until her termination on or about January 16, 2014.  *See* ECF 18, ¶¶ 12, 40, Amended Complaint.  She contends that the federal government was her "joint employer" (*id.* ¶ 17), based on a contract between SHC and the Army, to which Burgess was assigned, by which SHC provided technology protection services at the Army's facilities at Aberdeen Proving Ground ("APG") in Aberdeen, Maryland.  ECF 18, ¶ 6.

The events relevant to plaintiff's suit occurred while plaintiff was working at APG, in the capacity of "Technology Protection Engineer (TPE) – Subject Matter Expert (SME)," at the Army Research and Technology Protection Center.  ECF 18, ¶ 12; *see also* ECF 25-1 at 2.  She was supervised by two civilian employees of the Army: Steven Chimchirian and Mike Burris.  ECF 18, ¶¶ 15, 16.  Burgess contends that, based on their degree of control, the Army became her joint employer.  *Id.* ¶ 17.[3]

According to plaintiff, Chimchirian and Burris made disparaging remarks about her gender, her disabilities (severe osteoarthritis and degenerative disc disease), and her requests for accommodations.  *Id.* ¶¶ 23, 24, 25, 26, 27.  Burgess also alleges that SHC placed her on a

---

[2] For the convenience of the parties, I have set forth the factual summary contained in my earlier Memorandum Opinion, ECF 28 at 2–7.

[3] For the purpose of the Motion, the Army does not contest this assertion.  ECF 25-1 at 2 n.1, Motion.

Performance Improvement Plan in December 2013, based on a bogus assessment by Chimchirian. *Id.* ¶ 37. Then, in January 2014, SHC terminated plaintiff's employment. *Id.* ¶ 40. Burgess maintains, however, that at all times she met or exceeded her "legitimate job expectations." *Id.* ¶ 42.

As to SHC, on or about June 2, 2014, plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), based on gender and disability. *Id.* ¶ 8. On September 16, 2014, the EEOC issued a Notice of Right to Sue as to SHC. *Id.* ¶ 10.

As to the Army, plaintiff alleges that in January 2014 she contacted the Army's EEO office at APG "to complain about the discriminatory and retaliatory actions of [the] Army[.]" *Id.* ¶ 9. Plaintiff first spoke with Ashley L. Reid, the Complaints Manager at the Army's EEO office. ECF 26-1 at 1, Affidavit of Susan Burgess ("Burgess Affidavit"). Burgess complained about her "boss," Chimchirian, and Reid noted that he "is a civilian. . . ." ECF 26-1 at 3 (email from Reid to Conley dated 1/17/14). Reid then emailed Conley, the Army's EEO specialist at APG, and advised that Burgess "believes she is being discriminated against based upon her disability." *Id.* Plaintiff asserts: "[T]he EEO office for the U.S. Army at APG documented her complaint and referred her to the Baltimore EEOC Office, advising that she was 'not a federal employee' and would not process her complaint of discrimination." ECF 18, ¶ 9, Amended Complaint.

The parties agree that plaintiff conferred by telephone with Conley regarding her discrimination claims. *See* ECF 25-2, Conley Declaration; ECF 26-1, Burgess Affidavit. However, the parties disagree about the content of the discussions. According to the Army, Conley explained the Army's EEO process to plaintiff, and also provided plaintiff with information as to how to pursue a claim against SHC with the EEOC. ECF 25-2, ¶¶ 2, 5, 6,

Conley Declaration.  Moreover, Conley maintains that she did not discourage plaintiff from initiating a complaint against the Army.  *Id.* ¶ 5.  Conley expressly denies that she advised plaintiff that she (Burgess) was not an Army employee for purposes of the federal discrimination laws (ECF 25-2, ¶ 4), and avers that she "never make[s] a determination as to whether a person is [a] joint employee" of the Army.  *Id.* ¶ 6.  Conley also disputes that she told Burgess that she had to file her complaint against the Army with the EEOC.  *Id.* ¶ 7.  Conley claims that, when she talked to Burgess, plaintiff "was already aware of and inclined to file her claim at the EEOC . . . ."  ECF 25-2, ¶ 7.

Burgess received an email from Conley on January 23, 2014, at 7:44 a.m.  It stated, in part, ECF 26-1 at 5 (emphasis added):

> As discussed yesterday telephonically, attached is the Information Inquiry with *the information on how to file an EEO complaint with the Equal Employment Opportunity Office in Baltimore*, Maryland.   There [sic] website is: http://www.eeoc.gov/field/baltimore/index.cfm    At the website they have information pertaining to how to file.  Also you may call them . . . .
>
> If you need additional information or have any questions/concerns, please don't hesitate to contact our office.  *As a reminder you have 45 calendar days from the date of the incident or the date you were aware of the incident to initiate your complaint of alleged discrimination. . . .*

Conley's email to Burgess referred to filing a complaint with the EEOC, as evidenced by the comment in the email about the EEOC website and the emphasized text.  But, Conley's email also referred to a 45-day deadline for filing, which arguably supported her claim that she also informed Burgess about the Army's EEO process.  This is because the only 45-day deadline is one that pertained to the "pre-complaint processing" requirements for federal employees.  *See* C.F.R.  §  1614.105(a)(1) (providing that an "aggrieved person must initiate contact with a Counselor within 45 days of the date" of the alleged discrimination to begin pre-complaint processing).  In contrast, aggrieved persons in the private sector must file a complaint with the

EEOC within 180 days of the alleged discrimination, except in a "deferral" jurisdiction, where the period is 300 days.  *See* 42 U.S.C. § 2000e-5(e)(1) ("A charge . . . shall be filed within one hundred and eighty days after the alleged unlawful employment practice[.]"); *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 & n.3 (4th Cir. 2002).  Maryland is a deferral state under Title VII; the Maryland Commission on Civil Rights is the applicable State enforcement agency.[4] *See, e.g.*, *Prelich v. Med. Resource, Inc.*, 813 F. Supp. 2d 654, 661–62 (D. Md. 2011); *EEOC v. Randstad*, 716 F. Supp. 2d 734, 739 & n.1 (D. Md. 2011).

Along with Conley's Declaration, the Army submitted a Form 7509, titled "Information Inquiry Summary," dated January 22, 2014.  *See* ECF 25-2 at 3.  The Form was completed by Conley on the same date that she spoke to plaintiff.  Arguably, the Form 7509 indicates that Conley advised plaintiff of both the EEO and the EEOC complaint processes.  Moreover, the preprinted text of the Form specifies that its "Principal Purpose" is for use in processing discrimination complaints based on race, sex, age, disability, color, religion, and/or reprisal by "Army civilian employees, former employees . . . and some contract employees."  ECF 25-2 at 3.

Box 10 on the form is titled "Contact Summary."  There is an X in the box next to the following statement:  "Provided general information regarding EEO complaint processing, emphasizing the **45-calendar day** prescribed time limitation for initiating the EEO complaint process and right to representation during the EEO process, including the pre-complaint intake interview."  (Emphasis in original).  A box directly below, titled "Other (*Explain*)", is also marked with an X.  Under it, the form states:  "Equal Employment Opportunity Commission – Baltimore Field Office."  The contact information for the Baltimore Field Office of the EEOC is below that line, including the email address, street address, and phone number.  Conley also

---

[4] This agency was formerly known as the Maryland Commission on Human Relations. *See Brown v. Mass Transit Admin.*, ELH-12-3705, 2013 WL 1428527 (D. Md. Apr. 8, 2013).

submitted the email exchange with Burgess that occurred on January 23, 2014.  ECF 25-2 at 5, Conley Declaration.

In support of plaintiff's Opposition, plaintiff submitted her own Affidavit.  ECF 26-1. She avers that on January 22, 2014, Conley "advised" her that she "was not 'a federal employee[*]'" and therefore "any claim [she] filed with the Army's EEO office would not be processed and would be dismissed as being outside the EEO office's jurisdiction."  ECF 26-1 at 1.  In addition, Conley allegedly told plaintiff that she had 45 days to file a complaint with the EEOC in Baltimore, and she did so.  *Id.* at 2.  According to plaintiff, Ms. Conley never informed her about any "pre-complaint" rights with the Army's EEO office.  *Id.*  Burgess avers that she "relied" on Conley's statements and believed that her "only course of action was to file a complaint with the EEOC. . . ."  *Id.*  Burgess proceeded to the EEOC within 45 days, as directed by Conley.  Burgess claims that the EEOC told her she had 180 days in which to complete an Intake Questionnaire.  *Id.*[5]  She submitted an EEOC "Intake Questionnaire" on June 5, 2014 (ECF 26-2), which she signed on May 31, 2014.  *Id.* at 4, 8.  On the EEOC form, plaintiff identified her employer as "System High."  *Id.* at 1.  She also indicated that she was terminated by System High.  *Id.* at 2.  In the text, plaintiff complained about "Steve & Mike."  *Id.* at 3.

In a typed attachment, Burgess stated:  "I worked for System High Corporation at the U.S. Army Aberdeen Proving Grounds in Aberdeen, MD. . . ."  ECF 26-2 at 5.  She noted that she "reported to Army Civilian management. . . ."  *Id.*  Burgess outlined her claims for discrimination based on her sex and physical disability.  *Id.* at 5–7.  In addition, Burgess stated: "I then filed an EEOC compliant [sic] with the U.S. Army EEOC office at Aberdeen Proving

_____

[5] Because Maryland is a deferral State, plaintiff would have had 300 days.

grounds on January 17, 2014." ECF 26-2 at 8.[6]

Because the Army's EEO office declined to process plaintiff's complaint of discrimination, plaintiff contends that she has "properly exhausted her administrative remedies before filing suit . . . ." ECF 18, ¶ 11, Amended Complaint. In her Affidavit (ECF 26-1 at 2), plaintiff notes that she "did not proceed . . . with filing a formal complaint with the Army's EEO office," because she relied on Conley's instructions. However, plaintiff's Opposition (ECF 26 at 11) states: "Plaintiff believed that she actually filed an internal complaint with the APG EEO office." Also, plaintiff's EEOC Complaint (ECF 26-2) states: "I then filed an EEOC compliant [sic] with the U.S. Army EEOC office . . . ." ECF 26-2 at 8. Moreover, on the EEOC Intake Questionnaire she stated that she filed a complaint with "U.S. Army EEOC office-1/ /14 Aberdeen MD." ECF 26-2 at 4.

As noted, on November 10, 2015, this Court issued a Memorandum Opinion and Order dismissing the Army from this case. ECF 28; ECF 29. In my Memorandum Opinion, I determined, among other things, that the doctrines of equitable tolling and futility did not excuse plaintiff's failure to exhaust. *See* ECF 28 at 13–20.

On November 16, 2015, plaintiff filed a formal complaint with the Army's EEO office (ECF 33-1), and on December 8, 2015, she filed the pending Motion to Reconsider. ECF 33. The Army's EEO office issued a final decision on January 19, 2016, dismissing plaintiff's complaint. ECF 38-1. The decision provides the following reasons for dismissal, ECF 38-1 at 2 (emphasis in original):

> In accordance with the provisions of 29 CFR Section 1614.107(a)(1) and AR690-600, "Failure to State a Claim", **the Agency must dismiss the claim if the complainant is not a covered Army "employee" under the antidiscrimination laws (AR690-600 3-10, 3b(1)(b)).** More specifically, your client was employed by System High Corporation under Contract #W15QKN-13-C-1 014. A direct

---

[6] The exact date is handwritten and difficult to decipher.

contract between your client and the Army did not exist and she was paid by System High Corporation alone. The Army did not dictate the terms of your client's employment, withhold taxes, provide insurance, reimburse for expenses, establish working hours, approve leave, issue performance appraisals, or have the authority to issue penalties or rewards to System High employees.

In accordance with the provisions of 29 CFR section 1614.1 07(a)(2) and AR690-600, "Untimely EEO Counselor Contact", **the Agency must dismiss the claim if the complainant failed to contact an EEO official or an EEO counselor within 45 days of the alleged discriminatory claim, or in the case of a personnel action, within 45 calendar days of the effective date of the action.** Your client did not initiate contact with an EEO counselor with intent to start the EEO Process until 18 November 2015, 347 days after the latest event in your client's claim.

Furthermore, on 10 November 2015, a United States District Judge dismissed your client's claims against the Army in an extremely detailed ruling, stating that your client ". . . failed to show a basis for equitable tolling or waiver of the administrative exhaustion requirement." 29 CFR Section 1614.107(a)(3) states that **the Agency must dismiss the claim if the same issue was the basis of a civil action decided by a U.S. District Court in which the complainant was a party.** A copy of Civil Action No. ELH-14-3895 citing the dismissal is attached.

When your client first contacted the EEO Office on Aberdeen Proving Ground on 22 January 2014, she was provided a DA Form 7509 (attached, and received in this office from your office on 7 December 2015) which clearly emphasized the 45-calendar day time limitation to initiate the EEO Process. She was advised to report the alleged discrimination to the EEOC's Baltimore Field Office because she was solely employed by System High Corporation and was also provided with clear contact information for that office (block 10).

### III. Standard of Review

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011).  But, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment

under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278–80 (4th Cir. 2008).[7]

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A district court may amend a judgment under rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002).

A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60, captioned "Relief from a Judgment or Order." *See In re Burnley*, 988 F.2d 1, 2–4 (4th Cir. 1992) (construing untimely Rule 59(e) motion as a Rule 60(b) motion). Fed. R. Civ. P. 60(b) sets forth a variety of grounds for relief from a final judgment or order. It permits a party to file a motion to "relieve [the] party . . . from a final judgment" for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), as well as other enumerated reasons. *See Liljeberg v. Heath Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (noting that 28 U.S.C. § 455 "does not, on its own, authorize the reopening of closed litigation" but that Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment.").

The timing of the filing of the motion is the key factor in ascertaining which rule applies. The Fourth Circuit has said that "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)); *see In re Burnley*, 988 F.2d at 2–3; *Lewis v. McCabe, Weisberg & Conway, LLC*, No. DKC 13-1561, 2015

---

[7] Pursuant to Local Rule 105.10, "any motion to reconsider . . . shall be filed with the Clerk not later than fourteen (14) days after entry of the order," except as otherwise provided under Fed. R. Civ. P. 50, 52, 59, or 60.

WL 1522840, at *1 (D. Md. Apr. 1, 2015).   Burgess's Motion to Reconsider was filed on December 8, 2015 (ECF 33), within twenty-eight days of the filing of the Memorandum Opinion and Order on November 10, 2015.  ECF 28; ECF 29.  Therefore, Rule 59(e) applies here.

Although the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment, the Fourth Circuit has clarified: "Our case law makes clear [ ] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

One purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999).  But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted).  Moreover, "[a] motion under Rule 59(e) is not authorized 'to enable a party to

complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)); *see* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 at 171 (3d ed. 2012) ("WRIGHT & MILLER") ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.").

Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082; *see United States ex rel. Becker*, 305 F.3d at 290. Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted); *see also* 11 WRIGHT & MILLER § 2810.1 at 156–57 (noting the same).

## IV. Discussion

Plaintiff contends that the Court should reconsider its Order of November 11, 2015, granting the Army's Motion to Dismiss, because "on November 16, 2015, Plaintiff filed a formal EEO Complaint of Discrimination against the Army . . . . in an attempt to satisfy the administrative remedies in this case." *Id.* According to plaintiff, the Court should "hold the claim against the Army in abeyance until the conclusion of the administrative process with the receipt of the final agency decision or the conclusion of the 180-day investigation period, whichever should occur first." *Id.* Plaintiff also asserts that the EEO filing deadline should be equitably tolled so that the Formal Discrimination Complaint would be deemed timely filed. ECF 33 at 6–8.

The Army advances several arguments in its Opposition. ECF 37. First, the Army contends that plaintiff's Formal Discrimination Complaint is not "newly discovered" evidence, but is actually "newly created" evidence, which does not justify reconsideration. *Id.* at 3.

Further, the Army argues that, as of filing of the Opposition on January 11, 2016, plaintiff had still failed to exhaust her administrative remedies[8] (*id.*), and allowing the suit to be held in abeyance would be "inconsistent with the law" because administrative exhaustion is a "'*prerequisit*e to . . . suit.'"  *Id.* at 4 (alteration and emphasis in original) (citing *Figueroa v. Geithner*, 711 F. Supp. 2d 562, 569 (D. Md. 2010)).  The Army also maintains that equitable tolling is not appropriate because plaintiff has not provided any justification for failing to exhaust initially.  ECF 37 at 4–5.  And, the Army contends that plaintiff has not "identified any extraordinary circumstances, undue hardship, or merit" to qualify for relief from the Court's prior ruling.  *Id.* at 5.

As noted, on January 19, 2016, before plaintiff filed her Reply, the Army's EEO office issued its final decision dismissing plaintiff's Formal Discrimination Complaint.  *See* ECF 38-1. Relying on the EEO Dismissal in her Reply, plaintiff insists that she has now exhausted her administrative remedies.  ECF 38 at 5.  She argues, ECF 38 at 2:

> The fact that the Army has now done what it had already advised that it would do (dismissed Plaintiff's EEO complaint and refused to process the same due to her not being an Army employee) merely confirms Plaintiff's position that such a filing would have been, and truly was, futile.  Nonetheless, Plaintiff has certainly now provided the Army with the 'opportunity to exercise its discretion' with an EEO complaint and has exhausted the administrative remedies prerequisite for this honorable Court to have jurisdiction over her complaints of discrimination in her employment by the Army.

In addition, plaintiff reiterates that she "should be afforded equitable tolling in this case." *Id.* at 7.  To support this assertion, plaintiff cites Army Regulation AR690-600 3-10(b)(1) for the first time, which, according to plaintiff, "precludes EEO investigations where the complainant was not a federal employee."  *Id.* at 7.  This regulation was cited in the EEO Dismissal (ECF 38-

---

[8] When the Opposition was filed on January 11, 2016, the EEO office had not yet issued its final decision.

1 at 2), and plaintiff urges that it demonstrates that a "hard and fast position" was taken by the EEO office.  *Id.*

Plaintiff does not discuss the doctrine of futility in her Motion to Reconsider.  But, she states in her Reply that "it is apparent that the filing of the EEO complaint was futile, regardless of the timing of the filing."  ECF 38 at 7.  Plaintiff also contends that this case involves "extraordinary circumstances that warrant this Court to exercise its discretion to prevent an undue hardship against an innocently injured party."  *Id.* at 8.

In its Surreply, the Army counters: "Plaintiff has not offered any basis for the Court to reconsider its Opinion."  ECF 41 at 2.  In particular, the Army avers that plaintiff's reasoning is flawed because plaintiff has overlooked the legal distinction between "newly created" and "newly discovered" evidence (*id.* at 2), and plaintiff has not offered any support for why the Court's original equitable tolling analysis should no longer apply.  *Id.* at 3.  Further, the Army argues that plaintiff "cannot invoke futility to avoid her exhaustion requirement."  *Id.* at 4.

Also, according to the Army, plaintiff "misrepresents AR 690-600" in her Reply.  *Id.* The regulation states, ECF 41 at 5 (emphasis added by the Army):

> **3-10.  Procedures for processing complaints filed by contingent workers (contract employees)**
> Contingent workers are civilian workers who are outside of the Army's "core" work force, such as independent contractors, volunteers, employees of government contractors, . . . [.]
> *a.* Inquiries to EEO counselors from employees who are not civil service employees should be referred to the EEO officer.
> (1) The EEO officer will advise the worker to immediately report the allegations to his or her nonFederal employer.
> (2) If the worker wants to file a complaint against the contractor, the EEO officer should provide the address and telephone number of the nearest EEOC field office.
> (3) If the worker wants to file a complaint against the Army, the EEO officer should assign a counselor and process initially in accordance with 29 CFR Part 1614 and this regulation. ***The EEO officer will advise the aggrieved that, depending on the facts and circumstances surrounding the employment***

- 14 -

*relationship, the Army may not be his or her employer under Title VII or any other antidiscrimination laws.*

*b.* Upon assignment of a counselor, the EEO officer must contact management officials to obtain the working relationship information (See figure 3-8.) The EEO officer must forward the working relationship information to the labor counselor *for a fact based analysis and legal opinion on whether the aggrieved is a covered Army "employee" under the antidiscrimination laws.*

According to the Army, "the text of the regulation states that the Army will evaluate an EEO complaint from a non-federal employee 'depending on the facts and circumstances' and in conjunction with a 'fact-based analysis' performed by a labor counselor." ECF 41 at 5. Moreover, the Army maintains that the EEO office "dismissed the complaint because it was untimely and because this Court has already dismissed an identical lawsuit." *Id.* at 6; *see also* ECF 38-1 at 2 (providing the reasons for the EEO Dismissal).

For the reasons stated below, I agree with the Army.

As noted, under the Fourth Circuit's three-part standard, the Court may grant a motion for reconsideration under Fed. R. Civ. P. 59(e) "in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand*, 478 F.3d at 637. Plaintiff has not shown that any of these scenarios have occurred in her case.

Plaintiff does not contend that there has been an intervening change in controlling law. However, she argues that the Formal Discrimination Complaint that she filed on November 16, 2015, combined with the EEO Dismissal, qualify as new evidence that was not available for the Court to consider when dismissing the Army from this case. ECF 38 at 5.

In *Boryan v. United States*, 884 F.2d 767, 771–72 (4th Cir. 1989), the Fourth Circuit provided useful guidance for analyzing "newly discovered" evidence. The Court explained, *id.* (emphasis in original):

> [I]n order to support a motion for reconsideration, 'the movant is *obliged* to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence' at the hearing." *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (citations and quotation marks omitted); *see also Stiers v. Martin*, 277 F.2d 737 (4th Cir. 1960). Evidence that is available to a party prior to entry of judgment, therefore, is not a basis for granting a motion for reconsideration as a matter of law. *Frederick S. Wyle P.C.*, 764 F.2d at 609; *see also Taylor*, 831 F.2d at 259.

*See also Small*, 98 F.3d at 798 (stating that in order for a party to be granted relief based on new evidence under Fed. R. Civ. P. 59(e), that "party must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding") (citations omitted).

Plaintiff and the Army disagree as to whether the Formal Discrimination Complaint and the EEO Dismissal are "newly discovered" or "newly created" evidence. ECF 37 at 3; ECF 38 at 4–5. However, plaintiff has offered no argument to suggest that she "could not with reasonable diligence have discovered and produced such evidence" for the Court's consideration when she filed this lawsuit. *Boryan*, 884 F.2d at 771 (quotations omitted).

As I explained previously, the fundamental flaw in plaintiff's original Complaint was that she had not exercised diligence to exhaust before filing her lawsuit, even after retaining counsel. ECF 28 at 17. As noted in the initial Memorandum Opinion, exhaustion of administrative remedies is a "*prerequisite* to . . . suit." *Figueroa*, 711 F. Supp. 2d at 569 (emphasis added); *see also Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406–07 (4th Cir. 2013); *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300–01 (4th Cir. 2009); *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005). Plaintiff cannot simply reset the clock and try again, particularly because she fails to offer any new argument to suggest why she should be excused from the requirement to exhaust administrative remedies *before* filing suit in federal court. ECF 33. Thus, plaintiff's Formal Discrimination Complaint and the EEO Dismissal do not constitute "new evidence" that

demand reconsideration of my prior ruling. *Zinkand*, 478 F.3d at 637. Furthermore, for the reasons set forth in my earlier Memorandum Opinion, equitable tolling does not apply. *See* ECF 28 at 13–17.

Although plaintiff did not raise the futility doctrine in her Motion to Reconsider, her assertion in the Reply as to futility is also unconvincing. *See* ECF 38 at 7–8. Plaintiff suggests that the EEO Dismissal proves that she was correct in initially choosing not to file a formal complaint. *Id*. She bases this argument on the fact that the EEO office included her employment status as a reason for its dismissal. *Id*. at 8; ECF 38-1 at 2.

However, as I explained in the Memorandum Opinion, "construing the facts in the light most favorable to plaintiff, the record does not reflect a 'clear showing' that the Army conveyed information to plaintiff 'that [made] an adverse ruling *a certainty*.'" ECF 28 at 19 (citing *Thetford Props. IV Ltd. P'ship v. U.S. Dep't of Housing & Urban Dev.*, 907 F.2d 445, 450 (4th Cir. 1990). (emphasis added)). This finding does not change with the benefit of hindsight.

As the Army points out (ECF 41 at 5), plaintiff bases her renewed futility argument on a selective reading of both the EEO Dismissal and Army Regulation AR690-600. The dismissal was based on a number of factors, including the Memorandum Opinion. ECF 38-1 at 2. Moreover, the Army regulation (ECF 41 at 5) provides EEO staff with discretion to weigh the claims of "contract employees." *Id*. Therefore, even if plaintiff had cited the regulation in a more timely fashion, it would not stand as a "hard and fast position" proving that the plaintiff's formal complaint was destined to be dismissed. *Thetford Props.*, 907 F.2d at 450.

Finally, plaintiff asserts that denying her Motion would be "manifestly unjust" (ECF 33 at 7), and that "extraordinary circumstances" are at play in her case. *See, e.g.*, ECF 38 at 9. But

simply stating this is the case does not make it so.  Plaintiff has offered little to support her assertion.

Plaintiff's claim against SHC shall proceed.  But, as to the Army, she has failed to meet long-settled prerequisites for administrative exhaustion. *See, e.g.*, *Balas*, 711 F.3d at 406–07; *Jones*, 551 F.3d at 300–01 (4th Cir. 2009); *Laber v. Harvey*, 438 F.3d 404, 415 (4th Cir. 2006) (en banc); *Miles*, 429 F.3d at 491; *Figueroa*, 711 F. Supp. 2d at 569.

### V. Conclusion

For the foregoing reasons, I shall deny plaintiff's Motion to Reconsider.  An Order follows.

Date:  March 14, 2016                                            _____/s/_____
                                                                                Ellen L. Hollander
                                                                                United States District Judge